**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1046n.06

No. 11-4001

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Oct 02, 2012**

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| RAMANDIP KAUR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |

BEFORE:  GIBBONS and COOK, Circuit Judges; ROSENTHAL, District Judge.[*]

PER CURIAM.  Ramandip Kaur petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal from an immigration judge's (IJ) decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT) and ordering her removal to India.

On April 17, 2007, Kaur, a native and citizen of India, filed an Application for Asylum and for Withholding of Removal (Form I-589), asserting that the police in India arrested and beat her and her family members for allegedly providing food and shelter to militants.  The Department of Homeland Security (DHS) subsequently served Kaur with a notice to appear in removal proceedings, alleging that she entered the United States at an unknown place on an unknown date, without being

---

[*]The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

admitted or paroled after inspection by an immigration officer. The DHS charged Kaur with removability under § 212(a)(6)(A)(I) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(I), as an alien present in the United States without being admitted or paroled. An asylum officer interviewed Kaur and referred her case to an IJ. Kaur admitted the factual allegations contained in the notice to appear, asserting that she entered the United States from Canada on September 3, 2006, and conceded removability as charged.

After a removal hearing, the IJ pretermitted Kaur's asylum application because she failed to establish that she applied for asylum within one year of her arrival in the United States. With respect to withholding of removal, the IJ found that Kaur was not credible and that she failed to meet her burden of proof. The IJ also determined that Kaur "set forth absolutely no facts or circumstances to show that it is more likely than not that she would be tortured if forced to return to India." Accordingly, the IJ denied Kaur's applications for relief and ordered her removal to India.

Kaur appealed the IJ's decision to the BIA but expressly declined to challenge the IJ's determination that she failed to establish the timeliness of her asylum application. The BIA upheld the IJ's adverse credibility finding and dismissed Kaur's appeal. This timely petition for review followed.

We lack jurisdiction to review the IJ's decision to pretermit Kaur's asylum application because she declined to present this issue to the BIA and, therefore, has failed to properly exhaust this claim. *See Ramani v. Ashcroft*, 378 F.3d 554, 559-60 (6th Cir. 2004).

Kaur contests the IJ's adverse credibility finding with regard to her applications for withholding of removal and protection under the CAT. The IJ's credibility determination is a finding

of fact reviewed for substantial evidence; we will reverse that determination "only if any reasonable adjudicator would be compelled to conclude to the contrary." *Hachem v. Holder*, 656 F.3d 430, 434 (6th Cir. 2011). Kaur argues that the IJ's adverse credibility finding was based on minor inconsistencies that did not go to the essence of her claim. Kaur filed her application after the effective date of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (codified in scattered sections of 8 U.S.C.), which "changed the standard governing credibility determinations, stating that those determinations may be made 'without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim.'" *Amir v. Gonzales*, 467 F.3d 921, 925 n.4 (6th Cir. 2006) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Kaur testified that she was arrested on two occasions—in 1995 and in February 1999—and that she had no personal contact with the police from the time of her arrest in 1999 through her departure from India in 2006. In her amended I-589, Kaur claimed that she had been "arrested many times by police in the past and mistreated" and that this happened "during the period from 1999 to 2004." Given these critical inconsistencies about the number of arrests and their timing, as well as Kaur's overall vague testimony and implausible explanations, the record does not compel a conclusion contrary to the IJ's adverse credibility finding. Because she failed to make a threshold showing of credibility, Kaur cannot establish that she is entitled to withholding of removal or protection under the CAT. *See Zhao v. Holder*, 569 F.3d 238, 249 (6th Cir. 2009).

Kaur urges this court to direct the DHS to exercise its prosecutorial discretion in accordance with the priorities set forth in a memorandum from John Morton, Director of U.S. Immigration and

No. 11-4001
*Kaur v. Holder*

Customs Enforcement. We lack jurisdiction to do so. *See* 8 U.S.C. § 1252(g); *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999).

For the foregoing reasons, we dismiss for lack of jurisdiction Kaur's challenge to the IJ's decision to pretermit her asylum application and otherwise deny her petition for review.